**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **JASON BRADLEY DOWNER,** ) | No.   13-40939 |
| ) | |
| Debtor. ) | |
| ) | |

## O P I N I O N

This matter is before this Court on the objection of Lisa Downer ("Lisa") to the first amended Chapter 13 plan proposed by the Debtor, Jason Bradley Downer ("Debtor"), and the Debtor's objection to Claim No. 3-1 filed by Lisa for a priority child support arrearage in the amount of $1,758.26 for past medical expenses on behalf of the parties' minor child owed pursuant to the Judgment for Dissolution of Marriage (2nd Stage) (the "Dissolution Judgment") entered by the Circuit Court of the Second Circuit of Wayne County (hereinafter, the "State Circuit Court").[1]

The two issues before this Court are interrelated and involve Claim No. 3-1 filed by Lisa as a priority claim in the amount of $1,758.26 on a domestic support obligation. The Debtor objects to Claim No. 3-1, alleging the debt at issue is based on debt allocation in the Dissolution Judgment and is not in the nature of alimony, maintenance, or support and therefore the claim should be allowed only as a general unsecured non-priority claim. In the same vein, Lisa objects to the Debtor's proposed first amended plan because it does not provide for payment of her priority claim of $1,758.26, alleging her claim is for past medical expenses on behalf of the parties's child that

---

[1] The Chapter 13 Trustee had also filed an objection to confirmation of the Debtor's first amended plan, alleging the Debtor had not turned over his 2013 tax refund, the Debtor was not paying all of his disposable income toward the plan, the Debtor failed to address amended Claim No. 4-2, filed as a priority by Lisa Downer in the amount of $7,000, and the Debtor's plan did not contain the correct wording regarding any proceeds the Debtor might recover from a civil cause of action he was entitled to pursue. At the hearing, the Trustee advised the Court that the Debtor had turned over his tax refund, and the parties requested thirty days for the Debtor to file a second amended plan to address the Trustee's other objections and to file amended Schedules I & J.

1

the Debtor was previously ordered to pay and for additional healthcare costs for their child not covered by health insurance, and thus is entitled to priority treatment under § 507(a)(1)(A) as a domestic support obligation.[2]

The Debtor filed his petition for relief under Chapter 13 on August 27, 2013. Before filing his bankruptcy petition, an order dissolving the marriage between the Debtor and Lisa was entered on February 13, 2010. On February 7, 2011, the State Circuit Court entered a second judgment, the Dissolution Judgment at issue here, which divided the marital property and granted Lisa primary custody of the parties' minor child. The findings of fact portion of the Dissolution Judgment provides, in pertinent part:

> 8. Petitioner [Debtor], owes to Respondent [Lisa] the sum of $811.10 for his share of the health care costs as required by the Agreed Temporary Order.
>
> 9. Neither party should receive maintenance from the other.
>
> * * *
>
> 14. Petitioner [Debtor] is a recipient of social security disability benefits. Respondent [Lisa] receives, each month, a check from social security for benefit of the minor. Said payment is on behalf of Petitioner [Debtor], and is in lieu of child support. Petitioner [Debtor] should not be required to pay additional child support.
>
> 15. Respondent [Lisa] has insurance available for the minor child which covers medical, dental, and vision. Respondent [Lisa] should continue to maintain this insurance for the benefit of the child, so long as said insurance is available through her employment. The parties should equally pay all healthcare costs not covered by said insurance.

The order portion of the Dissolution Judgment provides, in pertinent part:

> E. Judgment is entered in favor of Respondent [Lisa] and against Petitioner [Debtor] for the sum of $811.10, as and for past medical expenses Petitioner [Debtor] was ordered to pay.

---

[2] Lisa also objected to the failure of the Debtor's first amended plan to provide for amended Claim No. 4-2 in the amount of $7,000 awarded to her in the Dissolution Judgment. At the hearing, Lisa's attorney advised the Court that the issues relating to amended Claim No. 4-2 had been resolved.

    F.  Neither party is awarded maintenance.  Each party is forever barred from seeking maintenance one from the other.

<div align="center">* * *</div>

    K.  Petitioner [Debtor] shall not be required to pay child support while Respondent [Lisa] receives social security benefits based on the Petitioner's [Debtor's] disability.

    L.  Respondent [Lisa] shall maintain health insurance as available through her employment.  The parties shall equally pay all healthcare costs not covered by said insurance.

On October 9, 2013, Lisa filed Claim No. 3-1 in the amount of $1,758.26, asserting this amount was entitled to priority, noting that the basis for the claim was the Dissolution Judgment awarding healthcare costs.  A summary attached to Claim No. 3-1 shows that the amount of $1,758.26 consists of $811.10 specifically awarded in the Dissolution Judgment for the Debtor's share of healthcare expenditures made in 2009 through September 15, 2010, based upon the Temporary Orders of the State Circuit Court, and the amount of $1,242.16 for healthcare expenditures on behalf of the child for the remainder of 2010 through August 27, 2013.  The claim summary also shows a credit to the Debtor of $295.

The Debtor asserts that Claim No. 3-1 does not represent a domestic support obligation because Lisa has presented no proof or any basis for the debt to be paid as a priority debt.  The Debtor does not dispute Lisa's assertion that the $811.10 awarded in the Dissolution Judgment or that the additional expenses claimed of $1,242.16 were expended for medical expenses not covered by insurance for the parties' minor child, but argues only that the provisions of the Dissolution Judgment relied on by Lisa to support her claim do not refer to support, maintenance, or alimony.  Specifically, the Debtor observes that findings of fact number 8 and number 15 and paragraphs E and L of the Dissolution Judgment do not specifically mention support or maintenance.  Noting that other paragraphs of the Dissolution Judgment do specifically employ

<div align="center">3</div>

the terms "support" and "maintenance," the Debtor concludes that the State Circuit Court's failure to use such language in paragraphs E and L indicates the State Circuit Court intended these provisions to represent merely a "division of debt" based on the State Circuit Court's allocation of parties' responsibility to pay medical bills.

Lisa responds that debts incurred for medical expenses of a child have been held to be support obligations for the minor child, citing *Matter of Siebert*, 914 F.2d 102, 105 (7th Cir. 1990), *In re Woodall*, 185 B.R. 743 (Bankr.E.D.Ky. 1995), and *In re Beattie*, 150 B.R. 699, 702-03 (Bankr.S.D.Ill. 1993).

To be confirmable, a Chapter 13 plan must provide for full payment of all claims entitled to priority under § 507 of the Bankruptcy Code. *See* 11 U.S.C. § 1322(a)(2) (providing that a Chapter 13 plan is required to "provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim"). Section 507(a)(1)(A), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), provides that an allowed unsecured claim for a domestic support obligation is entitled to a first priority administrative status in a distribution from estate funds. Specifically, § 507(a)(1)(A) provides, in relevant part:

> (a) The following expenses and claims have priority in the following order:
>
> (1) First:
>
>> (A) Allowed unsecured claims for domestic support obligations that, as of the date of the filing of the petition in a case under this title, are owed to or recoverable by a spouse, former spouse, or child of the debtor, or such child's parent, legal guardian or responsible relative, without regard to whether the claim is filed by such person or is filed by a governmental unit on behalf of such person . . . .

11 U.S.C. § 507(a)(1)(A).

While a proof of claim is *prima facie* evidence of the amount and validity of a claim, a claimant bears the burden of proving that he or she is entitled to priority status under § 507(a)(1)(A). *In re National Steel Corp.*, 321 B.R. 901, 905 (Bankr.N.D.Ill. 2005). Thus, in this instance given the Debtor's objection, Lisa bears the burden of providing that her claim is for a

domestic support obligation.

In addition to the amendment to § 507(a)(1) granting a first priority status to a "domestic support obligation," BAPCPA also added a definition of "domestic support obligation," to the Bankruptcy Code, adding § 101(14A), which reads in relevant part:

> The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is–
>
>     (A) owed to or recoverable by-
>
>         (I) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>
>         (ii) a governmental unit;
>
>     (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>
>     (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of–
>
>         (I) a separation agreement, divorce decree, or property settlement agreement;
>
>         (ii) an order of a court of record; or
>
>         (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
>
>     (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A).

This definition of "domestic support obligation" was developed from the definition of a

nondischargeable debt for alimony, maintenance, and support in former § 523(a)(5), and therefore courts have found that case law decided under the former version of § 523(a)(5) remains relevant in interpreting § 101(14A). *See In re Papi*, 427 B.R. 457,462 n.5 (Bankr.N.D.Ill. 2010); *see also In re Poole*, 383 B.R. 308, 313 (Bankr.D.S.C. 2007) (noting that the similarity in language in pre-BAPCPA § 523(a)(5) and the new definition in § 101(14A) added by BAPCPA makes the prior case law helpful in interpreting § 101(14A)).

The question of whether a debt is in the nature of alimony, maintenance or support is a matter of federal bankruptcy law, not state law, and bankruptcy courts are not bound by the labels attached to the obligation. *In re Reines*, 142 F.3d 970, 972 (7th Cir. 1998). Rather, a bankruptcy court must look beyond the language of a dissolution judgment to the intent of the parties and to the substance of the obligation. *In re Brodsky*, 239 B.R. 365, 371 (Banrk.N.D.Ill. 1999).

The critical and principal inquiry is whether the intent of the state court dissolving the marriage and the parties was to provide support or divide marital property and debts. *Id.* at 372. Additionally, the concept of support is a creature of state statute, so state law may provide relevant guidance as to the substance of the obligation. *Id.* at 371 (noting that state law provides "relevant guidance" as to whether a debt is in the nature of alimony, maintenance, or support).

The issue to be decided by this Court is whether the award of $811.10 pursuant to the Dissolution Judgment and the additional amount of $1,242.16 claimed by Lisa to have been expended on medical services not covered by insurance on behalf of the child from September 16, 2010 through August 27, 2013, are in the nature of support, maintenance, or alimony and thus are a "domestic support obligation." If so, then the entire amount set forth in Claim No. 3 is entitled to priority treatment and must be provided for in full in the Debtor's plan for the plan to be confirmable. *See* § 1322(a)(2) (providing that the plan shall provide for the full payment of all claims entitled to priority under § 507, unless the holder of the claim consents to a different

treatment). Accordingly, this Court would sustain Lisa's objection to confirmation of the plan and overrule the Debtor's objection to Lisa's proof of claim. If, however, the debt is not a domestic support obligation, the Debtor would be required to pay the claim as a nonpriority unsecured claim in a pro rata amount and discharge any remaining balance. *See* § 523(a)(15) (excepting from discharge debts to a spouse, former spouse, or child of the debtor that are not domestic support obligations under §523(a)(5)); § 1328(a)(2) (limiting debts excepted from discharge in a Chapter 13 case to certain debts that include domestic support obligations under § 523(a)(5), but do not include other obligations to a spouse, former spouse or child of the debtor under § 523(a)(15)). Under this scenario, this Court would overrule Lisa's objection to confirmation, and sustain the Debtor's objection to Lisa's proof of claim.

The Debtor argues that, because the Dissolution Judgment does not specifically state that the obligation of the parties to equally pay for health care costs not covered by insurance on behalf of the parties' child is "support," such obligation merely represents a division of debt and is not a domestic support obligation and therefore it is not entitled to priority treatment in his plan. The Debtor also cites *In re Bub*, 494 B.R. 786 (Bankr.E.D.N.Y. 2013), *rev'd*, *Rockstone Capital LLC v. Metal,* 508 B.R. 552 (E.D.N.Y. 2014), as presenting a discussion of factors to be considered to determine whether or not a debt is considered to be a "domestic support obligation" after the passage of BAPCPA.

This Court begins by noting that the definition of a domestic support obligation added by BAPCPA does not require a state court dissolving a marriage to specifically denominate an obligation as "support" or "maintenance," but instead provides that an obligation that is "in the nature of alimony, maintenance or support" can be a domestic support obligation "without regard to whether such debt is expressly so designated." *See* § 101(14A). Thus, contrary to the Debtor's assertions, the fact that the Dissolution Judgment does not specifically state that the

7

obligation is a child support obligation is not determinative of the issue. This Court must look to the substance of the obligation to determine whether it is in the nature of support.

State law creates an obligation for parents to support a child until the child reaches the age of majority. Under Illinois law, the duty of support owed to a child includes the obligation to provide for the reasonable and necessary educational, physical, mental and emotional health needs of the child. 750 ILCS § 5/505(a). The provision of health insurance is an integral element of the parents' support obligation. *See* 750 ILCS § 5/505.2(b)(1). Additionally, a state court dissolving a marriage may, in its discretion, order either or both parents owing a duty of support to a child of the marriage to contribute to expenses for healthcare for the child not covered by insurance. *See* 750 ILCS § 5/505(a)(2.5). Thus, it is clear that payment of the parties' child's uninsured medical expenses bears directly on the child's welfare, and courts have generally held that payment of medical expenses is in the nature of support. *See, e.g., Siebert*, 914 F.2d at 105; *Woodall*, 158 B.R. at 744 (citing *In re Bradley*, 17 B.R. 107, 111 (Bankr.M.D.Tenn. 1981)).

This Court concludes that the obligation of the Debtor to pay Lisa the amount of $1,758.26, consisting of $811.10 awarded in the Dissolution Judgment for the Debtor's share of health care costs as well as the additional amount of $1,242.16 claimed by Lisa as additional health care expenses not covered by insurance, is in the nature of child support and therefore constitutes a domestic support obligation as defined by § 101(14A). Accordingly, Lisa's claim is entitled to priority under § 501(a)(1), and to be confirmable, the Debtor's plan must provide for payment of the claim amount in full. Lisa's objection to confirmation of the Debtor's proposed plan is sustained, and the Debtor's objection to Claim No. 3-1 is overruled.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. See orders entered this date.

ENTERED: July 16, 2014

/s/ William V. Altenberger
_____
UNITED STATES BANKRUPTCY JUDGE